**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELIZAH SHEPPARD,

        Plaintiff,                    Civil Action No. 2:11-12567

v.                                  HONORABLE NANCY G. EDMUNDS
                                        UNITED STATES DISTRICT JUDGE

JOEL SMITH,

        Defendant,

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

## I.  INTRODUCTION

The Court has before it Plaintiff Elizah Sheppard's *pro se* civil rights complaint filed pursuant to 42 U.S.C.§ 1983.  Plaintiff is a prisoner currently confined at the Parr Highway Correctional Facility in Adrian, Michigan.  Having reviewed plaintiff's complaint, the Court dismisses it with prejudice for being duplicative of a previously filed civil rights complaint.

## II.  STANDARD OF REVIEW

Plaintiff has been allowed to proceed without prepayment of fees. See 28 § U.S.C. 1915(a); *McGore v. Wrigglesworth,* 114 F. 3d 601, 604 (6th Cir. 1997).  However, 28 U.S.C. § 1915(e)(2)(B) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal:
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

> 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

*Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *McGore,* 114 F. 3d at 612; *Goodell v. Anthony,* 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001).

A *pro se* litigant's complaint is to be construed liberally, *Middleton v. McGinnis*, 860 F. Supp. 391, 392 (E.D. Mich. 1994)(citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); that is, such complaints are held to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief. Fed.R.Civ.P. 12(b); *Dekoven v. Bell,* 140 F. Supp. 2d 748, 755 (E.D. Mich. 2001).

To establish a prima facie case under 42 U.S.C. § 1983, a civil rights plaintiff must establish that: (1) the defendant acted under color of state law; and (2) the offending conduct deprived the plaintiff of rights secured by federal law. *Bloch v. Ribar*, 156 F. 3d 673, 677 (6th Cir. 1998)(citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Redding v. St. Eward*, 241 F. 3d 530, 532 (6th Cir. 2001).

### III. COMPLAINT

Plaintiff alleges that on August 23, 2005, while he was inside of a CVS Pharmacy, he was stopped by the store manager, who suspected plaintiff of attempting to steal some items from the pharmacy. The manager asked plaintiff to give him back the items and also asked plaintiff to leave the pharmacy. As plaintiff was leaving, the defendant, Joel Smith, whom plaintiff alleges was an off-duty Detroit Police Officer who was working as a security guard for the pharmacy, confronted plaintiff and asked him to return into the pharmacy with

2

him.  When plaintiff informed defendant that the manager had just asked him to leave, defendant ordered plaintiff to come back into the pharmacy with him.  When plaintiff refused, defendant grabbed plaintiff and attempted to drag him back into the pharmacy. A struggle ensued, during which time the pharmacy manager and a stock boy joined the fray.  Plaintiff claims that he was physically assaulted by the defendant for several minutes, while the manager sat on his neck and the stock boy on his legs.  Plaintiff claims that he was severely beaten by all three men for several minutes.  Plaintiff alleges that the defendant used excessive force and falsely arrested him.

Plaintiff previously sued the CVS Pharmacy, the defendant, the store manager, and the stock person. *See Sheppard v. CVS Pharmacy, et. al.* U.S.D.C. No. 07-CV-13099 (E.D. Mich.).  On October 30, 2008, Magistrate Judge Donald A. Scheer recommended that the case be dismissed against CVS Pharmacy and the two store employees, but recommended that the case go forward against the defendant Joel Smith once he could be successfully served.   On December 31, 2008, Judge Arthur J. Tarnow accepted the report and recommendation and dismissed the case in its entirety. *Sheppard v. CVS Pharmacy*, No. 2008 WL 5447865 (E.D. Mich. December 31, 2008).   Although Judge Tarnow acknowledged that the Report and Recommendation recommended that this case be allowed to proceed against defendant Joel Smith, Judge Tarnow noted that the defendant had not been served with the complaint. *Id.,* at * 1, n. 1.  On March 15, 2011, plaintiff filed a Rule 60b motion for relief from judgment, in which, among other things, plaintiff asked that the case should be allowed to proceed against defendant Joel Smith.  On May 3, 2011, the motion for relief from judgment was denied.  On May 31, 2011, plaintiff filed a notice of appeal of the denial of his motion for relief from judgment with the United States Court of

3

Appeals for the Sixth Circuit.  That appeal remains pending before the Sixth Circuit. *See Sheppard v. CVS Pharmacy, Inc., et. al.,* U.S.C.A. No. 11-1708 (6th Cir.). [1]

## IV.  DISCUSSION

Plaintiff's complaint is frivolous and subject to dismissal, because it is duplicative of his previously dismissed civil rights complaint, which remains pending on appeal before the Sixth Circuit. *See McWilliams v. State of Colo.,* 121 F.3d 573, 575 (10th Cir. 1997). Repetitious litigation of virtually identical causes of action may be dismissed under the *in forma pauperis* statute as frivolous or malicious. *Id.; See also English v. Runda,* 875 F.2d 863 (Table); No. 1989 WL 51408, * 1 (6th Cir. May 18, 1989).

## V.  CONCLUSION

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE** for being duplicative of plaintiff's previously filed lawsuit, pursuant to 28 U.S.C. § 1915(e)(2)(B).  Based on the preceding order, this Court certifies that any appeal by plaintiff would be frivolous and not in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

s/Nancy G. Edmunds

---

[1]  This Court obtained much of this information from the docket sheet for the United States District Court for the Eastern District of Michigan, as well as the website for the Sixth Circuit.  Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

Nancy G. Edmunds
United States District Judge

Dated:  June 22, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record
on June 22, 2011, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager